UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-80-R

MARK G. COLVIS                                                                  PLAINTIFF

v.

JAMES R. KEVIL and MICHAEL OLIVER,
Administrators of the Estate of Martha Jane Mitchell        DEFENDANTS

# JURY INSTRUCTIONS *and Verdict*

*Filed 8-10-06 In Open Court* **S**

# INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven its case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 3

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 5

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

## INSTRUCTION NO. 6

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

## INSTRUCTION NO. 7

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

INSTRUCTION NO. 8

It was the duty of Martha Jane Mitchell in driving her motor vehicle to exercise ordinary care for the safety of other persons using the roadway. This general duty included the following specific duties:

(a) to keep a lookout ahead for other persons or vehicles in front of her or so near her intended line of travel as to be in danger of collision;

(b) to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the roadway;

(c) to sound her horn whenever necessary to warn other persons of her approach;

(d) to exercise ordinary care to avoid collision with other persons or vehicles on the roadway, including Plaintiff.

The term "ordinary care" means such care as you, the jury, would expect an ordinarily prudent person to exercise under similar circumstances.

Are you satisfied from the evidence that Martha Jane Mitchell failed to comply with one or more of her above duties and that such failure was a substantial factor in causing the accident?

YES ✓       NO _____       FOREPERSON: ███████

Date  8/10/06

**If you answered "NO" to this Instruction, please return to the courtroom. If you answered "YES," please proceed to the next Instructions.**

## INSTRUCTION NO. 9

It was the duty of Plaintiff Mark Colvis to exercise ordinary care for his own safety and for the safety of other persons using the roadway. This general duty included the following specific duties:

(a) to keep a lookout for vehicles approaching so nearly on the street as to be in danger of collision;

(b) if you believe that the contact between Mark Colvis and the vehicle driven by Martha Jane Mitchell occurred on the access road as opposed to the parking lot, then Plaintiff Colvis had a duty to yield the right-of-way to the vehicle driven by Martha Jane Mitchell; and

(c) to exercise ordinary care generally to avoid collision with vehicles on the street.

The term "ordinary care" means such care as you, the jury, would expect an ordinarily prudent person to exercise under similar circumstances.

Are you satisfied from the evidence that Plaintiff Mark Colvis failed to comply with one or both of these duties and that such failure on his part was a substantial factor in causing the accident?

YES ✓         NO _____

FOREPERSON: ██████████        DATE: 8/10/06

If you answered "YES" to this Instruction and Instruction No. 8, please proceed to the next Instruction. If you answered "NO" to this instruction then you must skip Instruction No. 10 and proceed to Instruction No. 11.

## INSTRUCTION NO. 10

If you answered "YES" to Instruction No. 8 *and* "YES" to Instruction No. 9, you will now determine and indicate in the following spaces what percentage of total fault was attributable to each person. The total percentages you assign to these persons must equal one hundred percent (100%). If you answered "NO" to Instruction No. 8 or Instruction No. 9, then the percentage of fault you enter for that party must be zero percent (0%).

In determining the percentages of fault, you must consider both the nature of the conduct of each person at fault and the extent of the causal relationship between the person's conduct and the damages claimed.

Plaintiff Mark Colvis: __80__ %

Defendant Martha Jane Mitchell __20__ %

(Total of these two **must** equal 100%.)

FOREPERSON: ████████████  DATE: __8/10/06__

INSTRUCTION NO. 11

If you found for the Plaintiff, Mark Colvis, by answering "YES" to Instruction No. 8 above (i.e., if you found that Defendant Martha Jane Mitchell failed to comply with one or more of her above duties and that such failure was a substantial factor in causing the accident), you must determine from the evidence and state the sum or sums of money that will fairly and reasonably compensate Colvis for such of the following damages as you determine from the evidence he has sustained directly by reason of his injuries caused by the accident:

(a) Lost wages (*not to exceed* $18,247.11, the amount requested by Plaintiff):    $ 18,247.11

(b) Reasonable expenses for travel to and from physicians, hospitals and other medical providers (*not to exceed* $544.00, the amount requested by Plaintiff):    $ 544.00

(c) Reasonable expenses incurred for hospital and medical services (*not to exceed* $15,652.28 the amount requested by Plaintiff):    $ 3,130.46

(d) Mental and physical suffering, both past and future (*not to exceed* $192,773.75, the amount requested by Plaintiff):    $ 50,000.00

(e) Permanent impairment of power to work and earn money (*not to exceed* $35,174.88, the amount requested by Plaintiff):    $ 0

TOTAL DAMAGES:    $ 71,921.57
(*Not to exceed* $ 262,392.02, the amount requested by Plaintiff)

FOREPERSON: ████████    DATE: 8/10/06

## INSTRUCTION NO. 12

One last Instruction. You should not consider my rulings to reflect how I feel about the case. Any statements I have made were not intended nor should they be taken as indicating what your verdict should be in this case – that is solely your decision.